IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.                                        CR No. 00-13 LH

**RAYMOND TAN**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Raymond Tan's Motion in Limine Regarding Other Cases and Charges (Docket No. 20). The Court, having considered oral arguments and briefs of the parties and being fully advised of the premises, concludes that the motion is well-taken and shall be **granted.**

**I. Underlying Facts**

Count I of the indictment charges that the Defendant unlawfully killed William F. Sliney with malice aforethought by operating a motor vehicle while under the influence of alcohol, with callous and wanton disregard for human life (second degree murder). Count II charges assault resulting in serious bodily injury of Sean F. Sliney. The two victims were riding a motorcycle

when they were allegedly struck by the Defendant's vehicle.

The Defendant has DWI convictions that occurred prior to this incident. In addition, with regard to this accident, the Defendant pled guilty in Tribal Court to the offenses of homicide by vehicle, driving while intoxicated, driving without a valid driver's license, and two counts of failure to secure a child/infant in restraints. His plea to these five charges resulted in a sentence of 495 days in jail.

The Defendant's motion argues that the prior convictions arising from this incident are inadmissible because he was not represented by counsel nor did he waive his right to counsel.[1] He also argues that his other prior convictions did not "involve either vehicular homicide or driving under the influence [with] circumstances similar to these. None apparently involves an accident." Memo. In Support of Def.['s] Mot. in Limine Regarding Other Cases and Charges, ¶ 5.

This Memorandum Order and Opinion will focus solely on the admissibility of the convictions that occurred prior to this incident.

The Government contends that the Defendant's long history of drinking and driving is directly admissible and goes to his "callous and wanton disregard for human life, providing the malice component of second degree murder." The Government asserts that the Defendant has been on notice for years that consumption of alcohol results in a blood alcohol level in excess of what is tolerated on New Mexico highways. Resp. By U.S.A. to Def.['s] Mot. in Limine Regarding Other Cases and Charges, ¶ ¶ 1, 2.

The Government heavily relies on two cases that held that evidence of prior DWI

---

[1] The parties have since stipulated in open court that the underlying tribal court pleas will not be used in this proceeding except for impeachment purposes.

convictions is directly admissible to establish the element of malice required for the proof of second degree murder: *United States v. Leora*, 923 F.2d 725, 726 (9th Cir. 1991) (limiting instructions were given by the court as the use of the prior convictions: "the prior convictions were properly admitted to establish the element of malice required for the proof of second degree murder.") and *United States v. Fleming*, 739 F.2d 945, 949 (4th Cir. 1984) ("the drunk driving record would not have been admissible to show that defendant had a propensity to drive drunk . . . [but] was relevant to establish that the defendant had grounds to be aware of the risk that his drinking and driving while intoxicated presented to others.").

## II.  Requirements for Admission of Prior Acts

In *Huddleston v. United Sates*, 485 U.S.681 (1988), the Supreme Court set out four procedural safeguards that apply to admissions under Rule 404(b).  Such evidence is admissible if (1) it is offered for a proper purpose under Rule 404(b); (2) it is relevant under Rule 404(b); (3) it has probative value that is not substantially outweighed by its potential for unfair prejudice under Rule 403; and (4) the district court, if requested, instructs the jury to consider the evidence only for the purpose for which it is admitted. *See also United States v. Meacham*, 115 F.3d 1488, 1494-1495 (10th Cir. 1997).

As mentioned above, the Government's stated purpose in offering this evidence is to show Defendant's "callous and wanton disregard for human life", i.e., the malice component of second degree murder. Despite the fact that evidence of other crimes may sometimes be admissible under Rule 404(b) to prove intent, as explained below, I conclude that this is not a proper purpose in this case.  Furthermore, I conclude that the probative value of the evidence is outweighed by its

3

potential for unfair prejudice under Rule 403. For these reasons, this evidence will not be admitted.

**III. Discussion**

As mentioned above, the Government relies upon the drunk driving homicide case of *U.S. v. Fleming*, 739 F.2d 945 (4th Cir. 1984). The Fourth Circuit found that the admission of prior acts into evidence was proper in order to prove the requisite malice required for a second-degree murder conviction.

Malice aforethought is the distinguishing characteristic which, when present, makes a homicide murder, rather than manslaughter. Proof of malice aforethought does not require a showing that the accused harbored hatred or ill will against the victim or others. Neither does it require proof of an intent to kill nor injure. *See* LAFAVE & SCOTT, CRIMINAL LAW 541 (1972) and *United States v. Shaw*, 701 F.2d 367, 392 n. 20 (5th Cir. 1983). Malice aforethought is an extreme mental state evincing a wanton and reckless disregard for human life. Proof of malice may be satisfied if the Government establishes that the Defendant was indifferent to the life of the victim. It does not require a specific intent. Second degree murder is a general intent crime. *United States v. Soundingsides*, 820 F.2d 1232, 1242 (10th Cir. 1987).[2]

---

[2] *United States v. Jackson*, 213 F.3d 1269, 1291 & n.11 (10th Cir. 2000), cites Vivian M. Jackson, *The Admissibility of Other Crimes, Wrongs or Acts Under the Intent Provision of Federal Rule of Evidence 404(b): The Weighing of Incremental Probity and Unfair Prejudice*, 48 U. MIAMI L.REV. 451, 460 (1993) and Chad J. Layton, *Comment, No More Excuses: Closing the Door on the Voluntary Intoxication Defense*, 30 J. MARSHALL L.REV. 535, 553-54 (1997) as defining general intent crimes as "those crimes, where the definition describes a particular act without referring to an intent to achieve a further consequence" and a specific intent crime as requiring "more than a mere intention to perform an act. The actor must have an additional state of mind intending that further consequences result from his act." (Footnotes and citations omitted.) In other words, a specific intent crime is one in which the defendant acts not only with the knowledge of what he is doing, but does so with the objective of completing some unlawful act. *United States v. Blair*, 54 F.3d 639, 642 (10th Cir. 1995).

The *Fleming* Court admitted that in the vast majority of vehicular homicides, the accused has not exhibited wanton and reckless disregard for human life and therefore the requisite malice does not exist. In the average drunk driving case, the Court explained, there is no proof that the driver has acted while intoxicated with the purpose of wantonly and intentionally putting the lives of others in danger. Rather, the defendant's abilities were so impaired that he recklessly put others in danger by being on the road and attempting to do things that any other driver would do. What was different about *Fleming* was that in that case, in addition to being intoxicated, the defendant drove in a manner indicating depraved disregard for human life by steering into oncoming traffic at high rates of speed. *Fleming,* 739 F.2d at 948. I conclude that, given these factors and distinctions, the *Fleming* case has very specific and narrow application in the vehicular homicide context.

In *Leora*, the Ninth Circuit gave little reasoning to support its affirmation of the admission of prior misdemeanor convictions that were offered to prove malice. The issue in that case was a little different: the defendant was convicted of involuntary manslaughter and of assault resulting in serious bodily injury and not of second degree murder. He contended the admissions of the evidence of prior convictions unfairly prejudiced the jury with a spillover effect to the assault charge. The Ninth Circuit rejected this argument and, without discussion, summarily stated that the prior convictions were "properly admitted to establish the element of malice required for the proof of second-degree murder." *Loera,* 923 F.2d at 729.

Despite the reasoning of the Ninth and Fourth Circuits, I choose to follow the general approach taken by the Tenth Circuit second degree murder case of *Soundingsides*. In *Soundingsides*, the prosecution offered prior acts of violence of the defendant to prove malice

aforethought. The Tenth Circuit held that the admission of evidence of prior beatings by the defendant of an unrelated victim and her unborn child, was in error and an abuse of discretion. The Court held that admission of this evidence was an error fundamentally because intent was not a genuinely contested issue in that case. *Soundingsides*, 820 F.2d at 1237. The Court went on, however, to note that the charge of second degree murder did not require proof of a specific intent, but only a general intent to kill. The Court concluded that admission of this evidence was also error due to the absence of a specific intent requirement and because of the fact that the required general intent was inferable from the nature of the acts proven. *Id.* at 1238. The Court concluded that the worth of this evidence was overwhelmingly outweighed by its unfair prejudice.

The approach in *Soundingsides* persuades me to exclude the evidence of the Defendant's prior bad acts, i.e. his prior convictions.

Where specific intent is an essential element of the crime charged it cannot be inferred from the act. The Government is required to prove that the defendant specifically intended the consequences of his wrongdoings. Under this approach, the need for extrinsic evidence strengthens its incremental probative value in the Rule 403 balancing process. When a statute requires specific intent, the prosecution has an extra burden of proof that requires admission of other acts evidencing intent. In this case however, although the requisite intent for second degree murder appears to be contested, the fact that the charge is a general intent one reduces the probative value of such extrinsic evidence, and under the *Soundingsides* approach, I conclude that it should not be admitted.

In addition to finding this evidence would not be properly admitted to show malice, I conclude that its admission would be unfairly prejudicial. In deciding whether to allow the

6

admission of prior acts, the Court must do a comparison of the probative value of the evidence for proper purposes versus whether it is substantially outweighed by its prejudicial effect.  The Court must also seriously consider the likelihood that the jury would use the evidence for the impermissible purpose of demonstrating the propensity of the defendant to engage in acts of a similar nature.  1 Saltzburg, Martin & Capra, FED. R. OF EVID. MANUAL, 377-78 (1998).  I conclude that under the immediate facts, it is more likely that the jury would choose to punish the Defendant for the similar rather than, or in addition to,  the charged act, which means the evidence would be introduced for an improper purpose. *Huddleston*, 485 U.S. at 686.  In this sense the evidence would be more prejudicial than probative and therefore will not be permitted.

**IT IS THEREFORE ORDERED** that Defendant Raymond Tan's Motion in Limine Regarding Other Cases and Charges (Docket No. 20) is **granted**.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**